ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR INQUIRY REGARDING ESCORT VEHICLE LAWS IN NEW MEXICO WHICH ADVERSELY AFFECT OKLAHOMA'S ESCORT VEHICLE BUSINESS. THE CONCLUSIONS EXPRESSED BELOW ARE, OF COURSE, SOLELY THOSE OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
AS I UNDERSTAND YOUR CONCERN AND THOSE OF SOME OF YOUR CONSTITUENTS, YOU BELIEVE THAT NEW MEXICO MAY BE DISCRIMINATING AGAINST OKLAHOMA BUSINESSES WHICH SEEK ESCORT VEHICLE PERMITS IN NEW MEXICO. APPARENTLY, SEVERAL OF YOUR CONSTITUENTS HAVE FAILED IN THEIR EFFORTS TO OBTAIN NEW MEXICO ESCORT SERVICE PERMITS. MOREOVER, YOU BELIEVE THAT ONLY NEW MEXICO ESCORT VEHICLE COMPANIES ARE BEING LICENSED TO THE DETRIMENT OF ALL OTHER APPLICANTS.
IN THIS REGARD, I HAVE REVIEWED THE PERTINENT NEW MEXICO STATUTES AND VARIOUS RULES AND REGULATIONS OF THE NEW MEXICO CORPORATION COMMISSION AND THE NEW MEXICO MOTOR TRANSPORTATION DEPARTMENT. NEITHER THE STATUTES NOR THE AGENCIES' RULES AND REGULATIONS PATENTLY DISCRIMINATE AGAINST OUT OF STATE INTERESTS. THEREFORE, ANY APPARENT DISCRIMINATION MAY RESULT FROM THE NEW MEXICO STATE CORPORATION COMMISSION'S INTERPRETATION AND APPLICATION OF VARIOUS STATUTES, RULES AND REGULATIONS.
NEW MEXICO'S MOTOR TRANSPORTATION ACT (65 N.M.S.A. ARTICLES 1, 3 AND 5) STATES THAT:
 "IT IS THE POLICY OF NEW MEXICO TO PROVIDE FOR FAIR AND IMPARTIAL ENFORCEMENT OF THE MOTOR TRANSPORTATION REGULATION AND TAXATION LAWS OF THIS STATE, AND TO PROMOTE SAFE, ADEQUATE, ECONOMICAL AND EFFICIENT MOTOR CARRIER SERVICE FOR THE PUBLIC BENEFIT, WITHOUT DISCRIMINATION, PREFERENCE, ADVANTAGE OR UNFAIR COMPETITIVE PRACTICES BETWEEN CARRIERS. (EMPHASIS ADDED)."
PERMITS OR AUTHORITY TO OPERATE AN ESCORT VEHICLE SERVICE ARE WITHIN THE JURISDICTION OF THE NEW MEXICO STATE CORPORATION COMMISSION. THOSE BUSINESSES SEEKING PERMITS FOR ESCORT VEHICLE SERVICES MUST APPLY TO THE STATE CORPORATION COMMISSION FOR A CERTIFICATE OF PUBLIC CONVENIENCE AND NECESSITY. I HAVE ATTACHED COPIES OF THE NEW MEXICO STATUTES WHICH DEFINE CERTIFICATES OF CONVENIENCE AND NECESSITY AND ALSO SETS FORTH REQUIREMENTS FOR THE ISSUANCE OF SUCH CERTIFICATES. YOU WILL NOTE IN 65-2-84E THAT:
 "THE COMMISSION SHALL NOT ISSUE A CERTIFICATE . . . . IF IT FINDS, ON THE BASIS OF EVIDENCE PRESENTED BY PERSONS OBJECTING TO THE ISSUANCE OF A CERTIFICATE, THAT THE TRANSPORTATION TO BE AUTHORIZED BY THE CERTIFICATE IS INCONSISTENT WITH THE PUBLIC CONVENIENCE AND NECESSITY."
NEW MEXICO'S SUPREME COURT HAS INTERPRETED THIS AND OTHER STATUTES AS PLACING UPON THE APPLICANTS FOR PERMITS THE BURDEN OF PROVING BY SUBSTANTIAL AND COMPETENT EVIDENCE THAT "SUCH NEED ON THE PART OF THE PUBLIC EXISTS OR WILL EXIST." APPLICANTS NOT ONLY HAVE TO PROVE THEY CAN RENDER ADEQUATE SERVICE, BUT ALSO THAT EXISTING SERVICES ARE INADEQUATE TO MEET THE REQUIREMENTS OF PUBLIC CONVENIENCE AND NECESSITY. (SEE FERGUSON-STEERE MOTOR CO. V. SCC, 314 P.2D 894 (1957).
MORE RECENT NEW MEXICO CASE LAW INDICATES THAT NOTWITHSTANDING AN APPLICANT'S PRIMA FACIE SHOWING, THE STATE CORPORATION COMMISSION MUST DENY AN APPLICATION IF IT FINDS, BASED ON INTERVENOR AND PROTESTANT EVIDENCE, THAT A GRANT WOULD BE INCONSISTENT WITH PUBLIC CONVENIENCE AND NECESSITY. (SEE OIL TRANSPORT COMPANY V. NEW MEXICO STATE CORPORATION COMM'N ET AL., 798 P.2D 169 (1990).
WHETHER OR NOT YOUR CONSTITUENTS HAVE MET THEIR BURDEN OF PROOF BEFORE THE NEW MEXICO STATE CORPORATION COMMISSION IS A FACTUAL ISSUE WHICH WE ARE UNAUTHORIZED TO REVIEW. IF, HOWEVER, YOU BELIEVE THAT A PATTERN OF DISCRIMINATION EXISTS WHICH INVOLVES MORE FACTS AND LEGAL ISSUES THAN I HAVE BEFORE ME, I WOULD BE HAPPY TO DISCUSS THIS MATTER WITH YOU IN THE NEAR FUTURE.
(ALICE S. MITCHELL)